**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>1. SELECT MANAGEMENT GROUP, L.L.C.,<br>2. MICHELLE BRADSHAW,<br>3. MICHELLE BRADSHAW REALTY, L.L.C.<br>4. KATHLEEN BARNES,<br>5. BRUCE A. MILLER, and<br>6. LYNNE R. MILLER,<br><br>    Defendants. | Case No.: 4:20-cv-00542-JED-FHM |

**COMPLAINT OF DECLARATORY JUDGMENT**

**COMES NOW** the Plaintiff, American National Property and Casualty Company, by and through its counsel of record of the law firm BAUM GLASS JAYNE CARWILE & PETERS, and hereby files this Complaint for Declaratory Judgment, and in support thereof, states as follows:

**Jurisdiction and Venue**

1.     This is an action for declaratory relief pursuant to and in accordance with Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 to determine a real and justiciable controversy among the parties with respect to their rights and obligations, if any, under a certain insurance contract, as described more fully below.

2.     Plaintiff American National Property and Casualty Company ("American National") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located in Springfield, Missouri, in Greene County, in the State of Missouri.

1

3. Defendant Select Management Group, L.L.C. ("Select Management") is a limited liability company duly organized and existing under the laws of the State of Oklahoma with its principal place of business in Tulsa County, State of Oklahoma. Select Management's ownership/membership is comprised of five individuals who are each citizens of the State of Oklahoma.

4. Defendant Michelle Bradshaw ("Ms. Bradshaw") is an individual who resides in Tulsa County, in the State of Oklahoma, and is a citizen of the State of Oklahoma.

5. Defendant Michelle Bradshaw Realty, L.L.C. ("Bradshaw Realty") is a limited liability company duly organized and existing under the laws of the State of Oklahoma with its principal place of business in Tulsa County, State of Oklahoma. Bradshaw Realty's ownership/membership is comprised of an individual who is a citizen of the State of Oklahoma.

6. Kathleen Barnes ("Ms. Barnes") is an individual who resides in Tulsa County, in the State of Oklahoma, and is a citizen of the State of Oklahoma.

7. Bruce A. Miller ("Mr. Miller") is an individual who resides in Tulsa County, in the State of Oklahoma, and is a citizen of the State of Oklahoma.

8. Lynne R. Miller ("Mrs. Miller") is an individual who resides in Tulsa County, in the State of Oklahoma, and is a citizen of the State of Oklahoma.

9. Venus is proper under 28 U.S.C. § 1391, as the acts complained of in the underlying state court case occurred in Tulsa County, in the State of Oklahoma.

10. Jurisdiction is proper under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. All the Defendants identified herein have an interest in the outcome of this declaratory judgment action and are therefore necessary parties to this action.

**Factual Background**

12. On September 8, 2020, Ms. Barnes filed a civil action against Mr. Miller, Mrs. Miller, Ms. Bradshaw, Bradshaw Realty, and Select Management in the District Court of Tulsa County, in the State of Oklahoma, Case No. CJ-2020-02744, which seeks to recover for certain injuries Ms. Barnes sustained on or about March 7, 2020 (the "Civil Case"). The Petition for the Civil Case is attached hereto as Exhibit 1.

13. The Petition in the Civil Case alleges that Mr. and Mrs. Miller (the "Millers") listed their home, located at 6205 West Orlando Street, Broken Arrow, Oklahoma 74011 (the "House") for sale. (Pet., Ex. 1 at ¶ 11).

14. The Petition alleges that the Millers retained the services of Ms. Bradshaw to assist with the selling of their House. (*Id.* at ¶ 12).

15. The Petition alleges that, at all relevant times, Ms. Bradshaw was acting as the principal of Bradshaw Realty. (*Id.* at ¶ 13).

16. The Petition alleges that, at all relevant times, Ms. Bradshaw was acting as an agent of Select Management. (*Id.* at ¶ 14).

17. The Petition alleges that, on March 7, 2020, Ms. Barnes, representing potential buyers of the House, had obtained permission to enter the House to show her clients. (*Id.* at ¶ 15).

18. The Petition alleges that Plaintiff entered the House with her two (2) clients and, as she was showing her clients the backyard, a dog came from the side of the House and began to approach them. (*Id.* at ¶¶ 16-17).

19. The Petition alleges that Plaintiff ran back towards the House and tripped near the back door, which resulted in her falling and breaking her left arm. (*Id.* at ¶¶ 18-19).

20. The Petition alleges that the named defendants failed to indicate that there was a dog on the property within the listing or in any conversations between Ms. Barnes and Ms. Bradshaw. (*Id.* at ¶ 20).

21. The Petition alleges negligence causes of action against the Millers and Ms. Bradshaw and alleges that Bradshaw Realty and Select Management are vicariously liable for the actions of Ms. Bradshaw. (*Id.* at ¶¶ at 21-35).

### The Policy of Insurance

22. American National issued a business owners insurance policy to Select Management, having policy number 3501X1852, with effective dates of December 31, 2019 to December 31, 2020 (the "Policy").

23. The insuring agreement for liability coverage under the Policy provides:

    **a.** [American National] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

. . . .

    **b.** This insurance applies:
**(1)** To "bodily injury" and "property damage" only if:
**(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
**(b)** The "bodily injury" or "property damage" occurs during the policy period; and
**(c)** Prior to the policy period, no insured listed under Paragraph **C.1.** Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such

        "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

24. The Policy also states the following regarding coverage for medical expenses:

    **a.**    We will pay medical expenses as described below for "bodily injury" caused by an accident:
    **(1)**    On premises you own or rent;
    **(2)**    On ways next to premises you own or rent; or
    **(3)**    Because of your operations; provided that:
    **(a)**    The accident takes place in the "coverage territory" and during the policy period;
    **(b)**    The expenses are incurred and reported to us within one year of the date of the accident; and
    **(c)**    The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

25. The Policy contains the following exclusionary language:

    **B.**    **Exclusions**

    **1.**    **Applicable To Business Liability Coverage**

    This insurance does not apply to:

. . . .

    **j.**    **Professional Services**

    "Bodily injury", "property damage" or "personal and advertising injury" caused by the rendering or failure to render any professional service. This includes but is not limited to:

    **(1)**    Legal, accounting or advertising services;
    **(2)**    Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
    **(3)**    Supervisory, inspection or engineering services;
    **(4)**    Medical, surgical, dental, X-ray or nursing services treatment, advice or instruction;
    **(5)**    Any health or therapeutic service treatment, advice or instruction;
    **(6)**    Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

> **(7)** Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;
> **(8)** Body piercing services; and
> **(9)** Services in the practice of pharmacy.
>
> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering or failure to render of any professional service.

. . . .

> **2. Applicable To Medical Expense Coverage**
>
> We will not pay expenses for "bodily injury":

. . . .

> **g.** Excluded under Business Liability Coverage.

26. The Policy defines an "insured" as:

> **C. Who Is An Insured**
>
> **1.** If you are designated in the Declarations as:

. . . .

> **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

. . . .

> **2.** Each of the following is also an insured:
> **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts

within the scope of their employment by you or while performing duties related to the conduct of your business.

27. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

28. The Policy contains the following Real Estate Operations Endorsement:

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

A. The following is added to Paragraph **A.1. Business Liability of SECTION II LIABILITY:**

a. **Real Estate Operations**
With respect to real estate operations, this insurance applies only to "bodily injury", "property damage" or "personal and advertising injury" arising out of the ownership, operation, maintenance or use of:
**(1)** Such part of any premises you use for general office purposes; and
**(2)** Premises listed with you for sale or rental, if:
**(a)** You do not own, operate, manage or rent the premises;
**(b)** They are not in your care, custody, or control; and
**(c)** You do not act as agent for the collection of rents or deposits or in any supervisory capacity.

All other provisions of the policy remain unchanged.

29. The Policy also contains the following language in an Employment Practices Liability Insurance Coverage Endorsement:

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

. . . .

**SECTION I. WHAT IS COVERED**

A. **Insuring Agreement**
1. "We" shall pay those "losses" arising out of an "insured's" "wrongful employment act" (other than a "third party violation")

7

against "your" "employees", "recognized volunteers" and applicants for employment to which this insurance applies.

. . . .

### SECTION III. WHO IS AN INSURED

**D.     Limited Liability Company**

If "you" are shown in the Declarations as a limited liability company, "you" are an "insured." "Your" members are also "insureds", but only with respect to the conduct of "your" business. "Your" managers are "insureds", but only with respect to their duties as "your" managers.

. . . .

**F.     "Employees"**

"Your" "employees", executive officers and directors are "insureds" only for the conduct of "your" business within the scope of their employment or their duties as executive officers or directors.

. . . .

### SECTION VII. DEFINITIONS

. . . .

**F.**     "Employee" means an individual whose labor or service is engaged by and directed by "you" for remuneration, whether such individual is in a supervisory, co-worker or subordinate position or otherwise, including any part-time, seasonal, and temporary "employees". An individual who is an "independent contractor or leases to "you" shall also be an employee". Independent contractors who do not provide ongoing and routine services solely for "you" shall not be considered "employees", including but not limited to independent trade contractors (e.g. plumber, electrician).

. . . .

**S.**     "Wrongful employment act(s)" means any actual or alleged:
1.     Wrongful dismissal, discharge or termination (either actual or constructive),  including breach of an implied contract;
2.     Harassment or coercion (including sexual harassment, whether quid pro quo, hostile work environment or otherwise);

3. Discrimination (including but not limited to discrimination based on age, gender, race, color, national origin, religion, sexual orientation or preference, pregnancy or disability);
4. "Retaliation" (including lockouts);
5. Employment-related misrepresentation(s) to "your" "employee" or applicant for employment with "you";
6. Employment-related libel, slander, humiliation, mental anguish, infliction of emotional distress, defamation, or invasion of privacy;
7. Wrongful failure to employ or promote;
8. Wrongful deprivation of career opportunity, wrongful demotion or negligent "employee" evaluation, including the giving of negative or defamatory statements in connection with an "employee" reference;
9. Wrongful discipline;
10. Failure to provide or enforce adequate or consistent corporate policies and procedures relating to any "wrongful employment act";
11. Negligent supervision or hiring by an "insured", relating to any of the above;
12. Violation of an individual's civil rights relating to any of the above; or
13. "Third party violations", but only if coverage for "third party violations" is shown on the Schedule of this endorsement.

30. American National further adopts and incorporated any and all other pertinent provisions of the Policy as if fully set forth herein.

### General Allegations

31. American National contends the claims made against Select Management, Ms. Bradshaw, and Bradshaw Realty are not covered under the above-referenced insuring agreement in the Policy.

32. American National contends that claims made against Select Management, Ms. Bradshaw, and Bradshaw Realty are excluded under the above-referenced exclusions in the Policy.

33. American National contends that the Employment Practices Liability Insurance Coverage Endorsement does not apply to the claims made against Select Management, Ms. Bradshaw, and Bradshaw Realty.

34. American National contends that it does not owe a defense or indemnity to Select Management, Ms. Bradshaw, and Bradshaw Realty for the claims made against them in the Civil Case based upon the above-referenced provisions in the Policy.

35. American National seeks a declaration of its rights and obligations to Select Management, Ms. Bradshaw, and Bradshaw Realty with respect to the claims asserted against them in the Civil Case, including:

   a. A finding that the claims asserted against Select Management, Ms. Bradshaw, and Bradshaw Realty are not covered under the insuring agreement in the Policy;

   b. A finding that the claims made against Select Management, Ms. Bradshaw, and Bradshaw Realty are excluded under the above-references exclusions in the Policy;

   c. A finding that the Employment Practices Liability Insurance Coverage Endorsement does not apply to the claims made against Select Management, Ms. Bradshaw, and Bradshaw Realty in the Civil Case;

   d. A finding that American National does not owe Select Management, Ms. Bradshaw, and Bradshaw Realty a defense or indemnity for the claims asserted against them in the Civil Case; and

   e. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

WHEREFORE, premises considered, Plaintiff American National Property and Casualty Company respectfully requests that this Court enter a declaratory judgment and find as follows:

a. A finding that the claims asserted against Select Management, Ms. Bradshaw, and Bradshaw Realty are not covered under the insuring agreement in the Policy;

b. A finding that the claims made against Select Management, Ms. Bradshaw, and Bradshaw Realty are excluded under the above-references exclusions in the Policy;

c. A finding that the Employment Practices Liability Insurance Coverage Endorsement does not apply to the claims made against Select Management, Ms. Bradshaw, and Bradshaw Realty in the Civil Case;

d. A finding that American National does not owe Select Management, Ms. Bradshaw, and Bradshaw Realty a defense or indemnity for the claims asserted against them in the Civil Case; and

e. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

Respectfully submitted,

*/s/ Andrew C. Jayne*
Andrew C. Jayne, OBA #19493
Emily C. Krukowski, OBA #32038
BAUM GLASS JAYNE CARWILE & PETERS
Mid-Continent Tower
401 S. Boston Ave., Suite 2000
Tulsa, Oklahoma 74103
Telephone:  918/938.7944
Facsimile:  918/938.7966
***ATTORNEYS FOR PLAINTIFF***